FREDERICK PROVENCHER *v.* TOWN OF ENFIELD
(AC 26819)

Flynn, C. J., and McLachlan and West, Js.

Argued May 26—officially released October 31, 2006

*Stephen F. McEleney*, for the appellant (plaintiff).

*Gabriel J. Jiran*, with whom, on the brief, was *Saranne P. Murray*, for the appellee (defendant).

*Opinion*

WEST, J. The plaintiff, Frederick Provencher, appeals from the summary judgment rendered by the trial court in favor of the defendant, the town of Enfield (town). On appeal, the plaintiff claims that the court improperly concluded that General Statutes § 22-331 (a)[1] does not confer a private cause of action affording declaratory relief. We reverse the judgment of the trial court.

The plaintiff is the town's animal control officer and also a sworn member of its police department. He was hired as assistant animal control officer on August 10, 1968, and promoted to his present position on April 13, 1969. At the time of his promotion, the plaintiff sought to participate in the department's retirement system, but the town police chief blocked his participation. The plaintiff joined the town police union in 1975. After filing

---

[1] General Statutes § 22-331 (a) provides: "In each municipality of the state having a population of more than twenty-five thousand which has adopted the provisions of chapter 113, or otherwise provided for a merit system for its employees, the chief of police, or such other appointing authority as the charter may designate, shall, appoint a full-time municipal animal control officer and such assistants as are deemed necessary, subject to the provisions of said chapter 113 or other merit system, to administer and enforce the laws relating to dogs or other domestic animals. Any person so appointed may be or become a member of the police department and for such purpose the legislative body of such municipality may waive any requirements as to age, sex, physical condition, education and training applicable to other members of the police department. Any person so appointed as a member of the police department shall be fully eligible to participate in the retirement system of such department."

a grievance with the union in 1977, he was permitted to participate in the retirement system but chose not to begin participating until November 12, 1980. The plaintiff contacted the police chief, mayor and certain members of the town council in 1994 and 1995 in an attempt to receive retirement credit for the period from April 13, 1969, through November 11, 1980, but was unable to resolve the issue.

On February 4, 2004, the plaintiff filed a three count complaint against the town, seeking a declaratory judgment, a writ of mandamus and equitable relief. After the case had been scheduled for trial, the town requested permission to file a motion for summary judgment pursuant to Practice Book § 17-44.[2] The town's request was granted on March 31, 2005. The case then proceeded to trial on May 11 and 12, 2005. Thereafter, on July 20, 2005, the court granted the town's motion for summary judgment,[3] concluding that § 22-331 (a) does not confer a private cause of action affording declaratory relief and that the plaintiff's action was barred by the six year contract statute of limitations pursuant to General Statutes § 52-576 (a). This appeal followed.

---

[2] Practice Book § 17-44 provides in relevant part that "any party may move for a summary judgment at any time, except that the party must obtain the judicial authority's permission to file a motion for summary judgment after the case has been assigned for trial. . . ."

[3] Our rules of practice permit the trial court to rule on a motion for summary judgment after trial. Practice Book § 17-44 provides in relevant part that "[t]he pendency of a motion for summary judgment shall delay trial only at the discretion of the trial judge." We are nonetheless mindful that "[t]he summary judgment procedure is designed to eliminate the delay and expense incident to a trial where there is no real issue to be tried. . . . It is an attempt to dispose of cases involving sham or frivolous issues in a manner which is speedier and less expensive for all concerned than a full-dress trial. . . . One of the goals advanced by the summary judgment process is judicial efficiency." (Citation omitted; internal quotation marks omitted.) Ocwen Federal Bank, FSB v. Charles, 95 Conn. App. 315, 331, 898 A.2d 197, cert. denied, 279 Conn. 909, 902 A.2d 1069 (2006). Even though our rules of practice countenance a ruling on a motion for summary judgment after trial, such a ruling does not serve the goal of judicial efficiency.

We first set forth the standard of review. "Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact and that the party is, therefore, entitled to judgment as a matter of law. . . . The test is whether the party moving for summary judgment would be entitled to a directed verdict on the same facts. . . . Our review of the trial court's decision to grant the defendant's motion for summary judgment is plenary." (Citations omitted; internal quotation marks omitted.) *Leisure Resort Technology, Inc.* v. *Trading Cove Associates*, 277 Conn. 21, 30–31, 889 A.2d 785 (2006).

We next examine § 22-331 (a). That statute does not provide for an express private cause of action to enforce the provision that a full-time municipal animal control officer "appointed as a member of the police department shall be fully eligible to participate in the retirement system of such department." General Statutes § 22-331 (a). The issue, therefore, is whether a private remedy is implied. "In determining whether a private remedy is implicit in a statute not expressly providing one, several factors are relevant. First, is the plaintiff one of the class for whose . . . benefit the statute was enacted . . . ? Second, is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one? . . . Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff?" (Internal quotation marks omitted.) *Napoletano* v. *CIGNA*

*Healthcare of Connecticut, Inc.*, 238 Conn. 216, 249, 680 A.2d 127 (1996), cert. denied, 520 U.S. 1103, 117 S. Ct. 1106, 137 L. Ed. 2d 308 (1997).[4]

The parties agree, as do we, that the plaintiff is a member of the class benefited by § 22-331 (a) and that there is no indication of legislative intent to create or to deny a private remedy. We therefore examine the underlying purposes of the legislative scheme. Section 22-331 (a) appears in title 22, chapter 435 of the General Statutes. The purpose of chapter 435 is to regulate dogs, other companion animals, kennels and pet shops. In furtherance of that purpose, § 22-331 (a) provides for the appointment of a municipal animal control officer and underscores the importance of that position by permitting the officer to become a member of the police department even if the officer lacks "requirements as to age, sex, physical condition, education and training applicable to other members of the police department. . . ." General Statutes § 22-331 (a). Section 22-331 (a) further strengthens the permitted status of a municipal animal control officer as a member of the police department by providing that the officer "shall be fully eligible to participate in the retirement system of such department." General Statutes § 22-331 (a). The underlying purposes of the legislative scheme indicate that the control of dogs and other companion animals is of such significance that a municipal animal control officer may

---

[4] "[T]he *Napoletano* test essentially applies our well established process of statutory interpretation, under which we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. In seeking to determine that meaning, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter." (Internal quotation marks omitted.) *Asylum Hill Problem Solving Revitalization Assn.* v. *King*, 277 Conn. 238, 247 n.10, 890 A.2d 522 (2006).

have the status of a member of the police department, and, if so, is to be granted full eligibility in the department's retirement system. We therefore conclude that it is consistent with the underlying purposes of the legislative scheme to imply a remedy for the plaintiff under § 22-331 (a).

Two other considerations weigh in favor of our analysis of § 22-331 (a). First, there is no indication that the legislature intended to limit the enforcement of that statute. The town points out that General Statutes § 22-328 (a) provides in relevant part that "[t]he commissioner [of agriculture] is authorized to enforce the provisions of [title 22, chapter 435] . . . ." The town therefore argues that enforcement of the plaintiff's right to eligibility for retirement benefits is allocated exclusively to the commissioner of agriculture. We disagree. Section 22-331 (a) makes the appointment of a full-time municipal animal control officer "subject to the provisions of . . . chapter 113 . . . ." Title 7, chapter 113 of the General Statutes concerns municipal employees and also is known as the Municipal Employees' Retirement Act, General Statutes § 7-425 et seq. The commissioner of agriculture is not authorized to enforce the provisions of that act. Furthermore, it is the plaintiff's responsibility to ensure that he receives the retirement benefits for which he is eligible.

Second, public policy weighs in favor of our conclusion that § 22-331 (a) confers a private cause of action affording declaratory relief. In the absence of a private remedy, the plaintiff would have no opportunity to challenge the town's denial of his right to participate in the retirement system from 1969 to 1977.[5] A private cause

---

[5] The record does not reveal whether the plaintiff could have used the police union grievance procedure to seek redress for the denial of his right to participate in the retirement system from 1969 to 1977. In its memorandum of decision on the town's motion for summary judgment, the court noted that the parties had produced insufficient evidence from which to conclude that the plaintiff had failed to exhaust any administrative remedies that were available to him. The town contends that the plaintiff should have

of action enables the plaintiff to protect his statutory right to eligibility for retirement benefits and also promotes compliance with § 22-331 (a). See *Skakel* v. *Benedict*, 54 Conn. App. 663, 687, 738 A.2d 170 (1999).

Having concluded that the court's rendering of summary judgment in favor of the town must be reversed, we next consider the nature of the proceedings on remand. The town points out that the court held a full trial before rendering summary judgment. Consequently, the town argues that the case should be remanded for a judgment on the plaintiff's claims. The plaintiff argues that the case should be remanded for a new trial. Although the plaintiff's argument does not serve the interest of judicial efficiency, we nonetheless agree that a new trial is necessary in the interest of justice. We reach that conclusion because of the manner in which the rendering of summary judgment in this case could be perceived. Summary judgment "is an attempt to dispose of cases involving sham or frivolous issues . . . ." (Internal quotation marks omitted.) *Ocwen Federal Bank, FSB* v. *Charles*, 95 Conn. App. 315, 331, 898 A.2d 197, cert. denied, 279 Conn. 909, 902 A.2d 1069 (2006). We stress that we have found nothing in the record to show that the court adopted the extremely negative view that the words "sham" and "frivolous" indicate, but in order to avoid even the possible suggestion that the court might have viewed the plaintiff's action in such negative terms when it rendered summary judgment after having conducted a full

filed a complaint with the commissioner of agriculture pursuant to § 22-328 (a), but we disagree. As we have explained, § 22-331 (a) makes the appointment of a full-time municipal animal control officer subject to the Municipal Employees' Retirement Act, § 7-425 et seq., and the commissioner of agriculture is not authorized to enforce the provisions of that act. The six year contract statute of limitations pursuant to § 52-576 (a) does not apply to a private cause of action under § 22-331 (a).

trial, the plaintiff should receive a new trial before a different judge.

The judgment is reversed and the case is remanded for a new trial.

In this opinion the other judges concurred.